[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14492
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00036-ACC-PRL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT MICHAEL PATRICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 2, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Scott Michael Patrick appeals his conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6).  The victim, David Moghdam, was beaten and stabbed by a group of fellow inmates at the Federal Correctional Complex – Coleman.  Patrick concedes that Moghdam suffered a serious bodily injury during the attack, but he contends that the government did not present sufficient evidence to prove that he inflicted the serious bodily injury or that the assault occurred within the territorial jurisdiction of the United States.

We generally review de novo the sufficiency of the evidence.  United States v. House, 684 F.3d 1173, 1196 (11th Cir. 2012).  But "where a defendant present[s] his case after denial of a motion for judgment of acquittal and then fails to renew his motion for judgment of acquittal at the end of all of the evidence," we review only for a manifest miscarriage of justice.  Id. (alteration in original).  Patrick did not renew his motion for a judgment of acquittal at the close of the defense's evidence and contrary to his contention, his attempt to reopen the defense case was no substitute.  So we review the sufficiency of the evidence only for a manifest miscarriage of justice, which occurs where "the evidence on a key element of the offense is so tenuous that [the] conviction [is] shocking."  Id. (alterations in original).  We view the evidence in the light most favorable to the government and draw all reasonable inferences and credibility determinations in favor of the jury verdict.  Id.

2

Patrick presents a two-part argument challenging the sufficiency of the evidence that he inflicted a serious bodily injury on Moghdam.  He first contends that he is not responsible for the stab wounds inflicted by another inmate because he did not have any prior knowledge of a plan to stab Moghdam and the government did not prove that he aided and abetted the stabbing.  His second contention is that the government did not prove that Moghdam's non-stabbing injuries constituted serious bodily injuries.

There is no manifest miscarriage of justice here.  It is undisputed that Michael Thompson stabbed Moghdam during the fight and that the stab wounds constituted serious bodily injuries.  The only question is whether Patrick aided and abetted Thompson's stabbing of Moghdam.  A defendant aids and abets a crime where he "(1) associated himself with the crime, (2) intended to bring it about, and (3) sought by his actions to make it succeed." United States v. Beale, 921 F.2d 1412, 1430 (11th Cir. 1991).  One of the other inmates who attacked Moghdam testified that Patrick was aware there was a "hit" on Moghdam before the fight, and that Patrick's statements after the fight indicated that he knew someone was going to stab Moghdam.  Video recordings viewed by the jury showed Patrick and Thompson side by side fighting Moghdam while Thompson did the stabbing.  The jury was entitled to disbelieve Patrick's testimony that he did not know anyone would stab Moghdam and count his disbelieved testimony as substantive evidence

3

that he did know.  See United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995) ("[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt . . . . [W]e have said that, when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true.").  It was not a miscarriage of justice for the jury to conclude, based on the evidence, that Patrick did aid and abet Thompson's stabbing of Moghdam.

Patrick's final contention is that the government did not present sufficient evidence to prove that the FCC – Coleman is located in the territorial jurisdiction of the United States, as required by § 113(a).  At trial, however, the parties entered the following stipulation: "The parties hereby stipulate and agree that the United States Federal Correctional Complex at Coleman, in Sumter County, Florida, which includes the United States Penitentiary I, is in the territorial jurisdiction of the United States."  See United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.").  That is enough.

**AFFIRMED.**

4